UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER CALDWELL,

             Petitioner,           CIVIL ACTION NO. 05-CV-73841-DT
                                   CRIMINAL ACTION  03-CR-80152-O1

     vs.                       DISTRICT JUDGE PAUL D. BORMAN
                                   MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

             Respondent.

_____/


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


RECOMMENDATION: The Petition for Writ of Habeas Corpus should be dismissed as Petitioner has failed to exhaust his administrative remedies before the Bureau of Prisons prior to filing the instant action.

*   *   *

        Petitioner, while a prisoner at the Thumb Correctional Facility, in Lapeer, Michigan[1], filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255 on May 2, 2005, alleging violations of his federal constitutional rights to due process and equal protection.  Petitioner was sentenced in August 2004, by the United States District Court for the Eastern District of Michigan, to a 65 month term of imprisonment and a two year term of supervised release for conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A).  In the Judgment, the  Court stated that Petitioner's 65 month

---

      [1]Plaintiff is still incarcerated at the Thumb Correctional Facility.

federal term was to be served "concurrent to his current state sentence" (See Judgment in a Criminal Case at Criminal Docket #66). Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

In his Petition, the Petitioner seeks to have the time he spent in pre-trial custody credited against his federal sentence. Petitioner was arrested in June 2002. He then spent 778 days in federal custody awaiting trial prior to pleading guilty and being sentenced in August 2004. Petitioner requests that this Court "subtract his presentence time from his federal sentence."

Respondent filed an Answer on September 21, 2005, asserting that the Petition for Writ of Habeas Corpus should be dismissed for failure to exhaust administrative remedies before the Bureau of Prisons (BOP). Respondent maintained that any challenge to the validity of Petitioner's sentence computation must be first directed to the BOP, and that he must exhaust all administrative remedies before that agency before he may seek federal habeas relief in this Court. Petitioner has not filed a reply to the Motion to Dismiss, despite seeking an extension of time until November 15, 2005, in which to do so (Docket #74).

DISCUSSION AND ANALYSIS

In general, a § 2255 motion to Vacate, Set Aside, or Correct Sentence is brought by a federal prisoner seeking to cha1llenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. On the other hand, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which

a sentence is executed, rather than the validity of the sentence itself.  United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991). Since Petitioner is not challenging the validity of his federal sentence, the instant petition should be treated as if it was  filed under § 2241 instead of § 2255.

It is well established that federal prisoners complaining of events or conditions relating to their custody must first exhaust their administrative remedies before habeas relief can be granted.  Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981).  It is the responsibility of the Attorney General to implement the sentence imposed by the court.  Title 18 U.S.C. § 3568 (1982) states that "[t]he Attorney General shall give any . . . person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."  The Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, have the responsibility of computing sentences and giving credit for time previously served.  Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985); United States v. Clayton, 588 F.2d 1288, 1292-93 (9th Cir. 1979).  Since Petitioner seeks to have the time he spent in pre-trial custody credited against his federal sentence, he must first use the administrative process established by the Bureau of Prisons, 28 C.F.R. §§ 542.10-542.16 (2005), before seeking relief in federal court.  Chua Han Mow, supra, 730 F.2d at 1313-14.

There are several reasons behind the requirement that an inmate exhaust all available administrative remedies before seeking habeas relief.  First, exhaustion conserves judicial time and effort since the agency may grant relief; second, the agency has the opportunity to develop a factual record and apply its own expertise, thereby facilitating judicial review; and finally, the agency is given a chance to correct its own errors.

Little v. Hopkins, supra 638 F.2d at 954;  United States v. Berry, 814 F.2d 1406, 1410-1411 (9th Cir. 1987).

In the instant case, Petitioner has made no effort to resolve this dispute with the BOP. While Petitioner makes  reference to a "sentence computation sheet" from the BOP, he did not submit documentation showing any attempt to exhaust his administrative remedies with the bureau[2].  Accordingly, the instant Petition for Habeas Corpus should be dismissed for failure to exhaust BOP administrative remedies prior to filing the action. Given this recommendation, Plaintiff's Motion to Appoint Counsel (Docket #75) should also be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2005

---

[2]According to BOP regulations, Petitioner must first seek formal review of his complaint concerning the sentence computation error with Bureau of Prison officials.  28 C.F.R. § 542.13. If dissatisfied with that response, Petitioner must then appeal his complaint to the Regional Director, and then to the General Counsel of BOP, before seeking habeas relief protesting the sentence computation error.  28 C.F.R. § 542.15.

4

**CERTIFICATE OF SERVICE**

I hereby certify on November 29, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 29, 2005.  **Christopher Caldwell.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217