UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CALDWELL,

    Petitioner,           CIVIL ACTION NO. 07-CV-13096-DT
                                        CRIMINAL ACTION 03-CR-80152-O1

    vs.                       DISTRICT JUDGE PAUL D. BORMAN
                                        MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The Petition for Writ of Habeas Corpus should be dismissed as Petitioner has failed to exhaust his administrative remedies before the Bureau of Prisons prior to filing the instant action. Petitioner has also shown no violations of his federal constitutional rights from alleged errors in his guilty plea proceedings and sentencing.

\* \* \*

Petitioner, while a prisoner at the Federal Detention Center in Milan, Michigan[1], filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255 on July 24, 2007, alleging violations of his federal constitutional rights to due process and equal protection. Petitioner was sentenced in August 2004, by the United States District Court for the Eastern District of Michigan, to a 65 month term of imprisonment and a two year term of supervised release for conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A). In the Judgment, the Court stated that Petitioner's 65 month federal term was to be served

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Complex-USP-1, P.O. Box 1033, in Coleman, Florida.

"concurrent to his current state sentence" (See Judgment in a Criminal Case at Criminal Docket #66). Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

Petitioner seeks to have the time he spent in state custody credited against his federal sentence. Petitioner was arrested in June 2002. He then spent 778 days in federal custody awaiting trial prior to pleading guilty and being sentenced in August 2004. Petitioner requests that this Court subtract his presentence time from his federal sentence. He also maintained that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing.

Respondent filed an Answer on September 14, 2007, asserting that the Petition for Writ of Habeas Corpus should be dismissed for failure to exhaust administrative remedies before the Bureau of Prisons (BOP). Respondent maintained that any challenge to the validity of Petitioner's sentence computation must be first directed to the BOP, and that he must exhaust all administrative remedies before that agency before he may seek federal habeas relief in this Court.

Petitioner filed a reply to the Government's Answer on December 21, 2007, insisting that he had exhausted his administrative remedies with the BOP. He also maintained that his attorney has both been ineffective for allowing his sentencing to be delayed for 15 months, which allegedly "made his sentence that much longer."

FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

In general, a § 2255 motion to Vacate, Set Aside, or Correct Sentence is brought by a federal prisoner seeking to cha1llenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

**2**

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255.  On the other hand, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself.  United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991). Since Petitioner's claim seeking presentence credit does not challenging the validity of his federal sentence, part of the instant petition should be treated as if it was filed under § 2241 instead of § 2255.

It is well established that federal prisoners complaining of events or conditions relating to their custody must first exhaust their administrative remedies before habeas relief can be granted.  Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981).  It is the responsibility of the Attorney General to implement the sentence imposed by the court.  Title 18 U.S.C. § 3568 (1982) states that "[t]he Attorney General shall give any . . . person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."  The Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, have the responsibility of computing sentences and giving credit for time previously served.  Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985); United States v. Clayton, 588 F.2d 1288, 1292-93 (9th Cir. 1979).  Since Petitioner seeks to have the time he spent in pre-trial custody credited against his federal sentence, he must first use the administrative process established by the Bureau of Prisons, 28 C.F.R. §§ 542.10-542.16 (2005), before seeking relief in federal court.  Chua Han Mow, supra, 730 F.2d at 1313-14.

There are several reasons behind the requirement that an inmate exhaust all available administrative remedies before seeking habeas relief. First, exhaustion conserves judicial time and effort since the agency may grant relief; second, the agency has the opportunity to develop a factual record and apply its own expertise, thereby facilitating judicial review; and finally, the agency is given a chance to correct its own errors. Little v. Hopkins, supra 638 F.2d at 954; United States v. Berry, 814 F.2d 1406, 1410-1411 (9th Cir. 1987).

In the instant case, Petitioner filed an administrative request with the regional BOP director on March 22, 2007, requesting federal sentence credit for the 778 days spent in pre-trial custody (See Exhibit 3 attached to the Government's Answer to Motion to Vacate). Following the denial of the request by the regional director (Exhibit 4), Petitioner appealed to the Central Office for Inmate Appeals on May 22, 2007, arguing that he was entitled to 778 days of credit towards his federal sentence because the state and federal offenses were relevant conduct under USSG 1B1.3 (See Exhibit 16, attached to Petitioner's Motion to Vacate).

In a notice dated August 16, 2007, the administrative remedy coordinator of the central office of the BOP rejected the appeal because Petitioner had failed to include a copy of his regional director remedy paperwork. Petitioner was instructed to re-submit his appeal in proper form within 15 days of receipt of the rejection notice (See Exhibit 5, attached to the Government's Answer to Motion to Vacate). Plaintiff never re-submitted his appeal in the proper form because he claimed that he never received the August 2007 rejection letter from the BOP (See Petitioner's Reply to the Government's Answer at page 4).

Petitioner filed the instant § 2255 motion in July 2007, while his appeal to the Central Office for Inmate Appeals was still pending. He did not attempt to discover why his pending appeal had not been adjudicated by the BOP before filing the Motion to Vacate. Therefore, Petitioner had not completely exhausted his administrative remedies with the bureau. Accordingly, Petitioner's claim seeking federal sentence credit for 778 days spent in pre-trial custody should be denied for failure to exhaust BOP administrative remedies prior to filing the action[2].

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption

---

[2] Even if Petitioner had successfully exhausted his administrative remedies with the BOP, he could not receive credit for time served in federal detention before his federal sentence was imposed. In United States v. Wilson, 503 U.S. 329 (1992) the Supreme Court noted that "Congress made clear that a defendant could not receive a double credit for his detention time" prior to the date his federal sentence commenced. Id. at 337. Since Petitioner concedes that he received credit for the 778 days spent in federal detention towards his State of Michigan sentence, he is not entitled to a federal sentence credit as well. (See Exhibit 16, attached to Petitioner's Motion to Vacate).

that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has not met his burden here.  Upon review, I am persuaded that he has failed to show any serious errors or prejudice resulting from his attorney's performance. In pleading guilty to the conspiracy charge of laundering drug money, Petitioner faced a sentencing guideline sentence of 240 months.  At sentencing, defense counsel argued that Petitioner's sentence should be reduced well below the 240 months based on a number of factors, including the substantial assistance Petitioner had provided to federal and state law enforcement officials.  Judge Borman's subsequent decision to impose a sentence of 65 months represented a downward departure of 175 months from the statutory maximum sentence.  By negotiating the Rule 11 Plea Agreement, counsel for Petitioner saved his client from the risk of a much longer sentence.

The Court should also reject Petitioner's claim that his attorney delayed his sentencing date.  The below-guideline sentence was imposed following the filing by the government of a Motion for Downward Departure.  That motion was not filed until August 10, 2004, only two days before sentence was imposed.  The motion followed the sentencing of Owen Hanks, the last of Petitioner's co-defendants on June 17, 2004. The government has represented that it would have opposed any effort to sentence Petitioner before Hanks.  (See Government Response Brief at p. 2 n.3).  It is apparent that Petitioner's counsel did not unduly delay his federal sentencing date. Counsel negotiated a respectable plea in light of the evidence and potential sentence facing Petitioner, and the

claim that he was denied the effective assistance of counsel in connection with his guilty plea and sentencing should be rejected.

For all the foregoing reasons, then, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

                                                 s/Donald A. Scheer
                                                 DONALD A. SCHEER
                                                 UNITED STATES MAGISTRATE JUDGE

DATED: January 9, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on January 9, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 9, 2008. **Christopher Caldwell.**

                                               s/Michael E. Lang
                                               Deputy Clerk to
                                               Magistrate Judge Donald A. Scheer
                                               (313) 234-5217